## LINUS W. SNOW *vs.* THE EASTERN RAIL ROAD COMPANY.

In an action against a rail road company, to recover damages for the loss of a trunk by their negligence, the plaintiff is not a competent witness, although he has no other evidence.

THIS was an action of trespass upon the case, charging the defendants with having so negligently and carelessly transported the plaintiff's trunk, when he was travelling, as a passenger, over their road, that the same, with its contents, was wholly lost.

At the trial in the court of common pleas, before *Colby*, J. the plaintiff was admitted as a witness, to prove the contents of his trunk. He testified that it contained certain articles of wearing apparel, several books, and twenty five dollars of money, in half eagles. He also testified to the value of the wearing apparel and books.

The defendants objected to the admission of the plaintiff as a witness, and also to his being permitted to testify, if at all, to the value of the contents of the trunk. The defendants also contended that they were not liable for the books or money, alleged to be a part of the contents of the trunk, as they did not constitute a part of a passenger's ordinary baggage, for the safety of which passenger carriers are liable. But the judge overruled these objections, and instructed the jury, that if the testimony of the plaintiff was believed, there being no other evidence in the case to control it, the defendants were liable, in this action, for the trunk and its contents, with interest from the date of the plaintiff's demand on them for indemnity.

Under these instructions the jury returned a verdict for the plaintiff. The defendants alleged exceptions.

*Clifford*, for the defendants. It is gross negligence, in a rail road passenger to carry money in his trunk; and the defendants are not liable for the loss of it. *Hawkins* v. *Hoffman*, 6 Hill, 586. *Orange County Bank* v. *Brown*, 9 Wend. 85, 102. *David* v. *Moore*, 2 Watts & Serg. 230. *Weed* v *Saratoga & Schenectady Rail Road Co.* 19 Wend. 534. 537.

The defendants are not liable for the plaintiff's books, as for baggage. *Pardee* v. *Drew*, 25 Wend. 459. And if they were liable, the plaintiff, if a competent witness at all, was not competent to prove that his trunk contained money or books. *Clark* v. *Spence*, 10 Watts, 335. *Bingham* v. *Rogers*, 6 Watts & Serg. 495.

It is said, in many of the books, that a party, in a case like this, may be a witness in his own cause, from necessity, when he can have no other evidence. But this position is not sustained by the decisions. It is only in cases where fraud has been practised on a party, that he can be a witness in his own cause; and he is admitted, in such case, *in odium spoliatoris.* See *Childrens* v. *Saxby*, and *East India Co.* v. *Evans*, 1 Vern. 207, 308. 1 Greenl. on Ev. (3d ed.) § 348 *&* note. The case of *Herman* v. *Drinkwater*, 1 Greenl. 27, is no authority for the general proposition, that a passenger, in an action against a carrier, is a witness to prove the contents of his trunk. That was a case of robbery.

The courts of Pennsylvania have admitted passengers, who have lost goods, to testify in their own actions; but no rule of evidence has been recognized in this Commonwealth, by which the present plaintiff was a competent witness at the trial. See *Butler* v. *Basing*, 2 Car. & P. 614.

*Coffin*, for the plaintiff. The plaintiff was a witness from necessity, and was properly admitted to testify, as in case of a party's account book. 12 Vin. Ab. Evidence, I. pl. 34. 2 Greenl. on Ev. § 213. *Herman* v. *Drinkwater*, 1 Greenl. 27. *Sneider* v. *Geiss*, 1 Yeates, 34. He was also a competent witness to prove the contents of his trunk, and their value. *Whitesell* v. *Crane*, 8 Watts & Serg. 369.

HUBBARD, J. The question, whether the plaintiff was a competent witness on the trial of this action, is of much practical importance to the community, as, in consequence of the facilities for travelling, the passenger travel is constantly on the increase; and rail road corporations, being carriers of passengers and their baggage, are liable, by the rules of the common law, for losses, unless they change their liability by force of some special contract.

The law of evidence is not of a fleeting character; and though new cases are occurring calling for its application, yet the law itself rests on the foundation of the ancient common law, one of the fundamental rules of which.is, that no person shall be a witness in his own case. This rule has existed for ages, with very little modification, and has yielded only where, from the nature of the case, other evidence was not to be obtained, and there would be a failure of justice without the oath of the party. These are exceptions to the rule, and form a rule of themselves. In some cases, the admission of the party's oath is in aid of the trial, and in others it bears directly on the subject in controversy. Thus the oath of the party is admitted in respect to a lost deed, or other paper, preparatory to the offering of secondary evidence to prove its contents; and also for the purpose of procuring a continuance of a suit, in order to obtain testimony; and for other reasons. So the oath of a party is admitted to prove the truth of entries, in his book, of goods delivered in small amounts, or of daily labor performed, when the parties, from their situation, have no evidence but their accounts, and, from the nature of the traffic or service, cannot have, as a general thing. So, in complaints under the bastardy act, where the offence is secret, but yet there is full proof of the fact, the oath of the woman is admitted to charge the individual. In cases also where robberies or larcenies have been committed, and where no other evidence exists but that of the party robbed or plundered, he has been admitted as a witness to prove his loss; as it is said the law so abhors the act, that the party injured shall have an extraordinary remedy, *in odium spoliatoris.* Upon this principle, in an action against the hundred, under the statute of Winton, the person robbed was admitted as a witness to prove his loss, and the amount of it. Bul. N. P. 187. Esp. on Penal Sts. 211. 1 Phil. Ev. *c. 5, §* 2. 2 Stark. Ev. 681. *Porter* v. *Hundred of Regland,* Peake's Add. Cas. 203. So in equity, where a man ran away with a casket of jewels, the party injured was admitted as a witness. *East India Co.* v. *Evans* 1 Vern.

308.   A case has also been decided in Maine, (*Herman* v. *Drinkwater*, 1 Greenl. 27,) where the plaintiff was admitted to testify.   In that case, a shipmaster received a trunk of goods in London, belonging to the plaintiff, to be carried in his ship to New York, and on board which the plaintiff had engaged his passage.   The master sailed, designedly leaving the plaintiff, and proceeded to Portland instead of New York. He there broke open and plundered the trunk.   These facts were found *aliunde*, and the plaintiff was allowed to testify as to the contents of the trunk.   These cases proceed upon the criminal character of the act, and are limited in their nature.   The present case does not fall within the principle. Here was no robbery, no tortious taking away by the defendants, no fraud committed.   It is simply a case of negligence on the part of carriers.   The case is not brought within any exception to the common rule, and is a case of defective proof on the part of the plaintiff, not arising from necessity, but from want of caution.   To admit the plaintiff's oath, in cases of this nature, would lead, we think, to much greater mischiefs, in the temptation to frauds and perjuries, than can arise from excluding it.   If the party about to travel places valuable articles in his trunk, he should put them under the special charge of the carrier, with a statement of what they are, and of their value, or provide other evidence, beforehand, of the articles taken by him.   If he omits to do this, he then takes the chance of loss, as to the value of the articles, and is guilty, in a degree, of negligence — the very thing with which he attempts to charge the carrier.   Occasional evils only have occurred, from such losses, through failure of proof; the relation of carriers to the party being such that the losses are usually adjusted by compromise.   And there is nothing to lead us to innovate on the existing rules of evidence.   No new case is presented; no facts which have not repeatedly occurred; 1 o new combination of circumstances.

We are of opinion that the testimony of the party was improperly admitted ; and the verdict is therefore set aside, and a

*New trial granted.*